UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


CRAIG HARTZELL,                  :    **CIVIL NO. 1:10-CV-1236**
                                 :
            Petitioner           :    (Judge Caldwell)
                                 :
        v.                       :    (Magistrate Judge Smyser)
                                 :
MS. DEBRA SAUERS,                :
                                 :
            Respondent           :


**REPORT AND RECOMMENDATION**


**Background**.

        The petitioner, Craig Hartzell, was convicted by a jury

on November 10, 2005 of sexual offenses involving a minor.  He

was sentenced on February 6, 2006.  His cumulative sentence is

11 years to 22 years.  His conviction and sentence occurred in

the Court of Common Pleas of Monroe County.


        The petitioner claims in his 28 U.S.C. § 2254 petition

that his conviction and sentence are in violation of his

federally protected rights.  First, he claims that the trial

court erred in permitting a prosecution expert witness to

testify that the minor complainant, who the expert had

interviewed, had exhibited a pattern of behavioral

characteristics such as are typically found in sexually abused

children, and that the trial court's error denied the

petitioner a fair trial.  The petition cites the Sixth and

Fourteenth Amendments.  Second, he claims that his trial

attorney failed to provide constitutionally adequate

representation in failing to object to the prosecution expert

witness' testimony that the minor complainant exhibited a

pattern of behavior consistent with that of a sexual assault

victim and to the testimony of that witness that the

complainant was in fact the victim of a sexual assault.

        This habeas corpus petition was filed on June 11, 2010,

and a response was filed on July 9, 2010.  The petitioner filed

a reply on July 22, 2010.  In an Order dated August 26, 2010,

the respondent was directed to file additional state court

records.  The respondent's filing (Doc. 25) of October 14, 2010

constitute the state court record for purposes of this

petition.

The testimony that is the subject of the petitioner's claim that his trial attorney did not provide him the effective assistance of counsel is the testimony (Doc. 25, R238a-R268a) of Dr. Andrea Taroli, who was qualified to testify as an expert for the prosecution in the field of forensic pediatrics, the study of child abuse and neglect. The complainant, who was the petitioner's step-daughter, had testified (Doc. 25, R136a-R203a) that over a period of years when she was as young as seven years old and until she was twelve years old the petitioner had engaged in sexual abuse of her including sexual intercourse. The complainant's mother, who did not testify, had also made a statement to Dr. Taroli. Dr. Taroli testified that the complainant's mother had made statements about her daughter's behavior and her daughter's statements to her mother. The petitioner's attorney objected on hearsay grounds to Dr. Taroli's testimony about statements made to her by the complainant and the complainant's mother. The court overruled the objection, instructing the jury that the testimony of Dr. Taroli about what the complainant and the complainant's mother had told her was to be considered for the purpose of Dr. Taroli's explanation of her factual basis for her analysis and

not for the truth of the statements made to Dr. Taroli. (Doc. 25, R249a). Upon the court's decision to overrule the objection, Dr. Taroli stated what she had been told by the complainant's mother. Dr. Taroli then testified, after the court had overruled the hearsay-based objection of counsel, about the statements that the complainant had made to her. The trial court determined that the statements of the complainant and of her mother as related in testimony by Dr. Taroli were admissible and could be considered by the jury for the limited purpose of the fact that Dr. Taroli had heard them and had based her opinion in part upon them.

Dr. Taroli related what the complainant's mother had told her, what the complainant had told her, and also testified that:

> [m]y diagnosis was that the child had been
> sexually abused over a period of years. She
> had psychological behavioral consequences of
> that, as far as the sleep disturbances,
> appetite disturbances, the self-abusive
> behavior, pulling her hairs out, and she also
> had physical findings that corroborated her
> story.

(Doc. 25, R265a).  The petitioner's trial attorney did not object to this testimony.  The petitioner claims here that the failure of trial counsel to object to this testimony failed to exclude from the jury's consideration an inadmissible vouching by Dr. Taroli for the complainant's credibility and accordingly rendered the petitioner's trial representation ineffective in violation of his Sixth Amendment right to counsel.

**State Court Post-Conviction Proceedings**.

After the petitioner was sentenced on February 6, 2006, a direct appeal to the Superior Court of Pennsylvania was dismissed, on November 20, 2006, on the grounds that his appellate counsel, John P. Karoly, Esquire and Joseph Maher, Esquire, had failed to properly file a statement of issues to be raised on appeal.  *Commonwealth v. Hartzell,* 915 A.2d 143 (Pa. Super. 2006).  A petition for an allowance of an appeal to the Pennsylvania Supreme Court was not filed.  In the direct appeal to the Superior Court, the petitioner had raised four issues.  Only one of these issues is raised (as Ground One) in the present petition: whether the petitioner was denied the right to a fair trial in violation of the Sixth and Fourteenth

5

Amendments by the trial court's allowance of the testimony of

Dr. Taroli that the complainant was a victim of sexual assault

and that she exhibited a pattern of behavior consistent with

that of a sexual assault victim.

The petitioner filed a Post Conviction Relief Act

(PCRA) petition on December 11, 2007, through Mr. Karoly and an

associate, raising the claim that is raised in the present

petition as Ground Two, whether the petitioner was denied the

constitutional right to the effective assistance of counsel in

that trial counsel did not object to testimony in the form of

an opinion of Dr. Taroli that the complainant was a victim of

sexual assault and that she exhibited a pattern of behavior

that was consistent with that of a sexual assault victim.

After a June 25, 2008 hearing (Doc. 25, R559a-R590a) the PCRA

petition was denied by the trial court by Order of October 24,

2008. (Doc. 25, R550a). The Superior Court of Pennsylvania

affirmed the denial of the PCRA petition on October 19, 2009.

*Commonwealth v. Hartzell,* 3296 EDA 2008 (Pa.Super.Ct.)(*see* Doc.

1, Exhibit B). The Supreme Court of Pennsylvania on April 27,

2010 denied a petition for the allowance of an appeal.  (Doc. 25, Exhibit 1).

       This petition was filed on June 11, 2010.


**28 U.S.C. § 2254**.

       28 U.S.C. § 2254 provides:

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--

       (A) the applicant has exhausted the remedies available in the courts of the State; or

       (B)(i) there is an absence of available State corrective process; or

       (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.


       (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an

evidentiary hearing on the claim unless the
applicant shows that--

    (A) the claim relies on--

        (i) a new rule of constitutional law,
        made retroactive to cases on
        collateral review by the Supreme
        Court, that was previously
        unavailable; or

        (ii) a factual predicate that could
        not have been previously discovered
        through the exercise of due
        diligence; and

    (B) the facts underlying the claim would
    be sufficient to establish by clear and
    convincing evidence that but for
    constitutional error, no reasonable
    factfinder would have found the applicant
    guilty of the underlying offense.

(f) If the applicant challenges the sufficiency of the
evidence adduced in such State court proceeding to
support the State court's determination of a factual
issue made therein, the applicant, if able, shall
produce that part of the record pertinent to a
determination of the sufficiency of the evidence to
support such determination. If the applicant, because of
indigency or other reason is unable to produce such part
of the record, then the State shall produce such part of
the record and the Federal court shall direct the State
to do so by order directed to an appropriate State
official. If the State cannot provide such pertinent
part of the record, then the court shall determine under
the existing facts and circumstances what weight shall
be given to the State court's factual determination.

(g) A copy of the official records of the State court,
duly certified by the clerk of such court to be a true

and correct copy of a finding, judicial opinion, or
other reliable written indicia showing such a factual
determination by the State court shall be admissible in
the Federal court proceeding.

(h) Except as provided in section 408 of the Controlled
Substances Act, in all proceedings brought under this
section, and any subsequent proceedings on review, the
court may appoint counsel for an applicant who is or
becomes financially unable to afford counsel, except as
provided by a rule promulgated by the Supreme Court
pursuant to statutory authority. Appointment of counsel
under this section shall be governed by section 3006A of
title 18.

(i) The ineffectiveness or incompetence of counsel
during Federal or State collateral post-conviction
proceedings shall not be a ground for relief in a
proceeding arising under section 2254.

## **Exhaustion and Procedural Default**.

A state prisoner must exhaust available state remedies

before filing a petition for habeas corpus in federal court.

28 U.S.C. § 2254(b) and (c).  This requirement serves the

interests of comity between the federal and state systems by

allowing the state an initial opportunity to determine and

correct any violations of a prisoner's federal rights.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999)("Comity . . .

dictates that when a prisoner alleges that his continued

confinement for a state court conviction violates federal law,

10

the state courts should have the first opportunity to review this claim and provide any necessary relief."). "The exhaustion rule also serves the secondary purpose of facilitating the creation of a complete factual record to aid the federal courts in their review." *Walker v. Vaughn*, 53 F.3d 609, 614 (3d Cir. 1995).

A habeas corpus petitioner bears the burden of demonstrating that he has exhausted state remedies. *O'Halloran v Ryan*, 835 F.2d 506, 508 (3d Cir. 1987). In order to exhaust state remedies for federal habeas corpus purposes, a petitioner must show that he has fairly presented his claim to the state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971). To have been fairly presented to the state courts both the legal theory and the facts supporting the claim must have been presented to the state courts. *O'Halloran*, *supra,* 835 F.2d at 508. Further, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan, supra,* 526 U.S. at 845.

In Pennsylvania, pursuant to Order 218 of the
Pennsylvania Supreme Court, review of criminal convictions and
post-conviction relief matters from the Pennsylvania Supreme
Court is discretionary and "unavailable" for purposes of
exhausting state court remedies under § 2254(c). *Lambert v.
Blackwell,* 387 F.3d 210, 233 (3d Cir. 2004).

The habeas petitioner must exhaust his state remedies as
to each of his federal claims.  If a habeas corpus petition
contains both exhausted and non-exhausted claims the petition
should normally be dismissed. *See Rose v. Lundy*, 455 U.S. 509,
515-20 (1982).  However, an application for a writ of habeas
corpus may be denied on the merits notwithstanding the failure
of the petitioner to exhaust state remedies. 28 U.S.C.
§2254(b)(2).

If a claim has not been fairly presented to the state
courts but state law clearly forecloses review, exhaustion is
excused. *Carpenter v. Vaughn*, 296 F.3d 138, 146 (3d Cir. 2002);
*See also McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir.
1999)("When a claim is not exhausted because it has not been

'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is 'an absence of available State corrective process.'"). A procedural default occurs when a prisoner's claim is barred from consideration in the state courts by an "independent and adequate" state procedural rule. *Id.* Federal courts may not consider the merits of claims that have been procedurally defaulted unless the petitioner establishes "cause" to excuse the default and actual "prejudice" as a result of the alleged violation of federal law or unless the prisoner demonstrates that failure to consider the claim will result in a fundamental "miscarriage of justice." *Id.*

**Ground One**.

Because a second PCRA petition filed by the petitioner would be untimely under 42 Pa. C.S.A. § 9545(b), which provides that a petition must be filed within one year of the date that the judgment becomes final, there are no state remedies left for the petitioner to exhaust. The petitioner has procedurally defaulted the claim at Ground One.

A defaulted claim may not be taken up anew in a § 2254 petition unless there is shown to have been cause and prejudice and a miscarriage of justice.  To establish "cause" for a procedural default, a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Werts v. Vaughn*, 228 F.3d 178, 193 (3d Cir. 2000)(quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).

The petitioner has not argued either cause and prejudice or a miscarriage of justice.

**Ground Two**.

Ground Two presents a claim of an ineffective assistance of counsel.

A claim of ineffective assistance of counsel requires a two part analysis.  First, the petitioner must establish that counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 688 (1984).  There is a strong presumption that counsel's conduct

14

falls within the range of reasonable professional assistance. *Nix v. Whiteside*, 475 U.S. 157, 165 (1986). Counsel's performance should be viewed from counsel's perspective at the time without the distorting effects of hindsight. *Duncan v. Morton*, 256 F.3d 189, 200 (3d Cir. 2001). Second, the petitioner must establish that counsel's deficient performance prejudiced the defense. *Strickland, supra,* 466 U.S. at 687. To establish prejudice the petitioner must show that there is a reasonable probability that but for counsel's errors the result of the proceeding would have been different. *Id.* at 694.

The petitioner argues that although the state courts have held that there was not a violation of the petitioner's right to effective assistance of counsel in counsel's failure to object to Dr. Taroli's statement of an opinion that the complainant was a victim of sexual abuse, and despite the limited circumstances under 28 U.S.C. § 2254(d) under which a federal court may determine the merits of an issue that has been squarely decided by the state courts, this court should nevertheless address the merits of the petitioner's ineffective assistance of counsel claim. The petitioner argues pursuant to

28 U.S.C. § 2254(d)(1) that the Superior Court of Pennsylvania made an unreasonable application of the *Strickland v. Washington* standard in concluding that trial counsel did not render ineffective assistance of counsel when he failed to object to the opinion testimony of Dr. Taroli that the complainant was the victim of sexual abuse.

Counsel during the PCRA hearing (Doc. 25, R559a-R590a) stated his reasons for not having objected. He considered the trial court's hearsay rulings to be correct, he thought that the trial court would not exclude Dr. Taroli's opinion, he thought that his objection could antagonize the jury and he thought that the defense expert would offset or rebut the prosecution's expert.

The Superior Court in its analysis first found that trial counsel had in fact objected on hearsay grounds to the elicitation from Dr. Taroli of testimony about out of court statements made to her by the complainant and the complainant's mother. The Superior Court observed that statements to a

doctor that the doctor has used in the doctor's diagnosis are
not inadmissible hearsay under state evidentiary rules.

The Superior Court then proceeded with the analysis as
follows:

> Appellant also contends that Dr. Taroli based
> much of her opinion upon the psychological
> behavioral consequences of a child who had been
> sexually abused over a period of years. According
> to Appellant, such testimony runs afoul of the
> prohibition of expert testimony concerning behavior
> patterns exhibited by sexually abused children.
> Appellant cites to *Commonwealth v. Dunkle,* 602 A.2d
> 830 (Pa. 1992), in support of this contention.
> Therefore, according to Appellant, trial counsel
> was ineffective for failing to object to this
> testimony.

> In *Dunkle,* an expert testified that various
> behavioral characteristics are typically found in
> sexually abused children. This is sometimes
> referred to as the Child Sexual Abuse Syndrome.
> *Dunkle,* 602 A.2d at the 832. The Pennsylvania
> Supreme Court concluded that "testimony about the
> uniformity of behaviors exhibited by sexually
> abused children is not sufficiently established to
> have gained general acceptance in the particular
> field in which it belongs and should have been
> excluded." *Dunkle,* 602 A.2d at 834.

> Upon review, we conclude that Appellant's
> contention does not accurately characterize the
> testimony of Dr. Taroli. Rather, the overwhelming
> majority of Dr. Taroli's testimony dealt with the
> physical evidence which supported her conclusion

17

that the victim had been sexually assaulted. N.T.,
11/10/2005, at 20-31; 70-84.

Actually, Appellant's contention encompasses
two discrete statements made by Dr. Taroli.  Dr.
Taroli testified that the victim's mother told her
the following:

> [F]or the past year she hasn't been
> sleeping well, she has not been eating
> well for about the past year. Since [the
> victim] was about seven years old she
> developed a problem where she would pick
> out her eyebrows, pick out her eyelashes,
> pull them out with her fingers, and that
> that had been getting worse over the last
> six to seven months.  She also said that
> [the victim] was coming into her bed to
> sleep with her for about six months, or
> if she didn't come into bed with mom, she
> would go and sleep with her sister.  So
> she was having a significant sleep
> disturbance.

N.T., 11/10/2005, at 15.  However, as we have
already determined, this testimony was proffered
over the objection of Appellant's trial counsel.
N.T., 11/10/2005, at 13-14.  Therefore, we find no
merit to Appellant's contention that trial counsel
was ineffective regarding this statement.

At another point, Dr. Taroli testified that
the victim exhibited "psychological behavioral
consequences of sexual assault" and concluded that
"[the victim] also had physical findings that
corroborated her story."  N.T. 11/10/2005, at 30.
Appellant contends that such testimony is improper.
*See Dunkle, supra*; *Commonwealth v. Seese,* 517 A.2d
920, 922 (Pa. 1986) ("It is an encroachment upon
the province of the jury to permit admission of
expert testimony on the issue of a witness'

credibility.")  Even if trial counsel should have
objected, considering trial counsel's objections,
the vast majority of Dr. Taroli's testimony, the
countervailing force of Appellant's expert
testimony and the victim's testimony and
identification of Appellant, we cannot find that
any error regarding this statement "so undermined
the truth-determining process that no reliable
adjudication of guilt or innocence could have taken
place."  42 Pa. C.S.A. § 9543(a)(2)(ii). Appellant
has failed to prove prejudice.

Finally, Appellant contends that trial counsel
was ineffective for failing to object when
Dr. Taroli testified to the ultimate issue before
the jury. The ultimate issue in this case was
whether Appellant raped and otherwise sexually
abused the victim.  Dr. Taroli did not testify to
the ultimate issue.  On direct examination,
Dr. Taroli testified to her medical diagnosis that
the victim was sexually abused over the period of
many years. N.T., 11/10/2005, at 30.  On
cross-examination, Dr. Taroli acknowledged that she
could not determine whether Appellant abused the
victim. N.T., 11/10/2005, at 31 ("No. I can't tell
it was him that did it.").

Further, Pennsylvania Rule of Evidence 704
permits such testimony: "Testimony in the form of
an opinion or inference otherwise admissible is not
objectionable because it embraces an ultimate issue
to be decided by the trier of fact." Pa.R.E. 704.
The comment which follows Rule 704 provides that
"Pennsylvania law allows expert opinion testimony
on the ultimate issue. *Id.*, Comment.

Appellant cites to *Commonwealth v. Rounds,* 542
A.2d 997 (Pa. 1988), in support of this contention.
In *Rounds,* the Pennsylvania Supreme Court
determined that expert opinion testimony is
improper and so prejudicial as to require a new

19

trial when the facts upon which the opinion is
based are not introduced into evidence. *Rounds,*
542 A.2d at 999. *Rounds* is inapposite to the case
before us, as there is no contention that
Dr. Taroli based her expert opinion on facts not
presented to the jury.

*Commonwealth v. Hartzell,* Slip. Op. at pp. 8-11. (Doc. 1,

Exhibit B).


The Superior Court fully analyzed the petitioner's

ineffective assistance of counsel claim concerning counsel's

objections as to Dr. Taroli's testimony and found both a lack

of proof of ineffectiveness and a lack of prejudice.


The Superior Court considered in particular Dr. Taroli's

testimony that the complainant had exhibited "psychological

behavioral consequences of sexual assault" and that she "also

had physical findings that corroborated her story" and noted

that an expert witness should not be permitted to vouch for the

credibility of a witness, but concluded that assuming an

erroneous admission of this statement by Dr. Taroli it did not

so undermine the truth-determining process that a reliable

determination of truth or innocence could not have taken place.

The Superior Court concluded that the petitioner had not proven prejudice.

The petitioner cites to *United States v. Whitted,* 11 F.3d 782 (8th Cir. 1993), where the Eighth Circuit Court of Appeals made a decision under the Federal Rules of Evidence that an expert's statement that a child had been repeatedly sexually abused was inadmissible under Rule 702 and 803 of the Federal Rules of Evidence. The petitioner observes that Pennsylvania Rule of Evidence 704 is essentially the same as Rule 704 of the Federal Rules of Evidence. This argument does not significantly bolster the petitioner's argument that trial counsel's performance fell below an objective standard of reasonableness.

The petitioner does not demonstrate that the Superior Court did not reasonably apply *Strickland v. Washington* principles in concluding that trial counsel did not render ineffective assistance of counsel.

The petitioner has not demonstrated that there is a basis under 28 U.S.C. § 2254(d) to grant a writ of habeas corpus as to Ground Two in the petition. Cause and prejudice are not shown to provide a basis for the court to consider the merits of procedurally defaulted Ground One.

It is recommended that the 28 U.S.C. § 2254 petition for a writ of habeas corpus be denied.

/s/ J. Andrew Smyser
J. Andrew Smyser
Magistrate Judge

Dated:  November 2, 2010.