IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CRAIG HARTZELL, :
    Petitioner :
:
vs.                        CIVIL NO. 1:CV-10-1236
:
MS. DEBRA SAUERS, :
    Respondent :

*M E M O R A N D U M*

Craig Hartzell filed a counseled petition under 28 U.S.C. § 2254 seeking to vacate his conviction and sentence in the Court of Common Pleas of Monroe County, Pennsylvania. Petitioner was convicted at a jury trial on several sexual offenses against a minor under thirteen years old. He was sentenced to eleven to twenty-two years' imprisonment.

The magistrate judge has filed a report and recommendation recommending that the petition be denied. Hartzell has filed objections to the report. He claims he is entitled to habeas relief because his trial counsel was ineffective under the Sixth Amendment in not objecting when the Commonwealth's sexual-abuse expert testified to two things: (1) that in her opinion the complaining witness had been sexually abused; and (2) that the witness had exhibited a pattern of behavior consistent with that of sexual abuse and had physical signs corroborating her claims. The expert testified:

> [m]y diagnosis was that the child had been sexually abused
> over a period of years. She had psychological behavioral
> consequences of that, as far as the sleep disturbances,
> appetite disturbances, the self-abusive behavior, pulling her

>           hairs out, and she also had physical findings that
>           corroborated her story.

(Doc. 25, R265a).

Quoting *United States v. Whitted*, 11 F.3d 782 (8th Cir. 1993), Petitioner contends that these diagnostic statements were inadmissible because "jurors are equally capable of considering the evidence and passing on the ultimate issue of sexual abuse . . . and a doctor's opinion that sexual abuse has in fact occurred is ordinarily neither useful to the jury nor admissible." *Id.* at 785. Petitioner also cites in support of this point *United States v. Cruz*, 981 F.2d 659 (2d Cir. 1992), and *United States v. Corey*, 207 F.3d 84, 97 n.12 (1st Cir. 2000)(Toruella, C.J., dissenting).

Citing *United States v. Azure*, 801 F.2d 336, 340 (8th Cir. 1986), Petitioner also contends that the statements were objectionable because they constituted improper vouching by the expert on behalf of the witness; the diagnosis in effect being a statement by the expert that she believed the child.

Petitioner asserts that trial counsel's failure to object prejudiced him because the case was basically his word against the complaining witness's. Citing *Whitted*, where a new trial was ordered, he asserts that habeas relief should be granted.

The Pennsylvania Superior Court rejected the ineffective-assistance claim. It first decided that the expert could testify that the child had been sexually abused because Pa. R. Evid. 704 permits "[t]estimony in the form of an opinion or inference otherwise admissible" even if "it embraces an ultimate issue to be decided by the trier of fact." (Doc. 1-3, CM/ECF p. 10). The court decided that the other testimony, relating to the child's "psychological behavioral consequences" and "physical findings" consistent with sexual abuse, did not prejudice Petitioner in light of

2

the other evidence at trial, even if trial counsel should have objected to it.[1] (*Id.*, pp. 9-10).

Petitioner bases his habeas claim on the position that the superior court's decision was an unreasonable application of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See 28 U.S.C. § 2254(d)(1)(in pertinent part, authorizing habeas relief on a claim adjudicated in a state court only if the state-court decision "resulted in a decision that . . . involved an unreasonable application of [ ] clearly established Federal law, as determined by the Supreme Court of the United States"). "[A] state court ruling is considered an 'unreasonable application' if the state court unreasonably applies the correct legal rule to the particular facts, unreasonably extends a legal principle to a new context, or unreasonably refuses to extend the principle to a new context where it should apply." *McMullin v. Tennis*, 562 F.3d 231, 236 (3d Cir. 2009)(cited cases omitted). "The unreasonable application test is an objective one - a federal court may not grant habeas relief merely because it concludes that the state court applied federal law erroneously or incorrectly." *Jacobs v. Horn,* 395 F.3d 92, 100 (3d Cir. 2005)(cited cases omitted). If "'fairminded jurists could disagree' on the correctness of the state court's decision," habeas relief cannot be granted. *Harrington v. Richter*, __ U.S. __, __, 131 S.Ct. 770, 786 (2011)(quoted case omitted).

Additionally, in this case, Petitioner is presenting a *Strickland* claim, that trial counsel violated his Sixth Amendment right to counsel by providing ineffective assistance of counsel. "[B]ecause the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not

---

[1] This evidence consisted of the Commonwealth's expert's other testimony, the testimony of the defense's expert opposing her testimony, and the victim's testimony identifying Petitioner as having sexually abused her over several years. The court also noted trial counsel's previous objections to the testimony of the Commonwealth's expert. (*Id.*).

3

satisfied that standard." *Knowles v. Mirzayance*, __ U.S. __, __, 129 S.Ct. 1411, 1420, 173 L.Ed.2d 251 (2009). Thus habeas review of a *Strickland* claim is "doubly deferential." *Id.* at __, 129 S.Ct. at 1420. We turn now to the merits.

We begin by noting that although the superior court relied on state law dealing with an ineffectiveness claim, that law is "not contrary to *Strickland*." *Jacobs, supra,* 395 F.3d at 106 n.9. Hence, "the relevant question here is whether the [superior court's] decision involved an unreasonable application of *Strickland*." *Id.* We note that "[t]his is different from asking whether defense counsel's performance fell below *Strickland*'s standard." *Harrington*, *supra*, __ U.S. at __, 131 S.Ct. at 785.

In applying these principles, we agree with the magistrate judge that the superior court opinion was not an unreasonable application of *Strickland*. Petitioner does cite *Strickland*, and its two-part rule for determining if counsel has been ineffective.[2] However, he cites no Supreme Court cases deciding that trial counsel was ineffective under the Sixth Amendment for not objecting to an expert's testimony about an ultimate issue in the case or for not objecting to an expert's testimony that the complaining witness exhibited certain behaviors or certain physical characteristics that corroborated the complaining witness's story. Petitioner places principal reliance on *Whitted* and *Azure*, but these cases were decided by the Eighth Circuit Court of Appeals, and do not constitute clearly established federal law as determined by the Supreme Court. *See Renico v. Lett*, __ U.S. __, __, 130 S.Ct. 1855, 1866, 176 L.Ed.2d 678 (2010).[3]

---

[2] To establish ineffectiveness under *Strickland*, it must be shown that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) absent counsel's errors, there is a reasonable probability that the outcome of the trial would have been different. *Harrington*, *supra*, __ U.S. __, 131 S.Ct. at 787. The reasonable probability must be a probability that undermines confidence in the outcome. *Id.*

[3] This same reasoning excludes consideration of the two other federal appellate court cases Petitioner cites, *Cruz* and *Corey*.

4

Further, *Whitted* was a direct appeal in a federal criminal case involving the admissibility of expert testimony under Fed. R. Evid. 702 and whether error in admitting that testimony was correctable under Fed. R. Crim. P. 52(b) for plain error that seriously affected the trial's fairness. 11 F.3d at 787. *Azure* was similarly a case decided on direct appeal involving federal Rule 702. Moreover, *Whitted* is distinguishable. In *Whitted*, the Eighth Circuit decided that the expert's testimony had to be excluded because there was no basis for it in the evidence. 11 F.3d at 786.[4]

In the end, we do not think we can second-guess the superior court's decision. *Renico, supra*, __ U.S. __, __, 130 S.Ct. at 1866 ("federal habeas corpus review" cannot be used "to second-guess the reasonable decisions of state courts"). Federal law, like Pennsylvania law, permits an expert to testify to an ultimate issue. See Fed. R. Evid. 704(a).[5] It thus appears that nothing in federal law prohibits the Commonwealth's expert from testifying that the complaining witness had been sexually abused. *See, e.g.*, *Moses v. Payne*, 555 F.3d 742, 761 (9th Cir. 2009)(noting that the Supreme Court has not held that the Constitution forbids an expert from testifying to an ultimate issue in a case).[6] Additionally, in regard to prejudice, as the superior court noted, based on the evidence at trial, including that Petitioner had his own expert, who testified in opposition to the Commonwealth's expert, we cannot say the court was unreasonable in its decision.

---

[4] In *Whitted*, unlike here, before the expert examined her, the complaining witness had begun having consensual sexual intercourse.

[5] We note that the expert did not testify that Petitioner committed the sexual abuse, only that the complaining witness had been sexually abused. (Doc. 1-3, superior court opinion, CM/ECF p. 10).

[6] We cannot rely on lower federal court decisions to establish that a state-court ruling was an unreasonable application of federal law, but we can rely on them to establish that it was a reasonable application. *See Wilkerson v. Klem*, 412 F.3d 449, 455 (3d Cir. 2005).

For the foregoing reasons, we will issue an order denying the petition. The order will deny a certificate of appealability, based on the analysis of this memorandum. However, petitioner is advised that he has the right to appeal our order denying the § 2254 petition for thirty (30) days, *see* 28 U.S.C. § 2253(a); Fed. R. App. P. 4(a)(1)(A), and that our denial of a certificate of appealability does not prevent petitioner from doing so, so long as he seeks a certificate of appealability from the court of appeals. *See* Fed. R. App. P. 22; Local Rule of Appellate Procedure 22.1.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: February 7, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CRAIG HARTZELL, :
    Petitioner :
:
vs.                                     CIVIL NO. 1:CV-10-1236
:
MS. DEBRA SAUERS, :
    Respondent :

O R D E R

AND NOW, this 7th day of February, 2011, upon consideration of the report (doc. 26) of the magistrate judge, filed November 11, 2010, the objections that were filed, and independent review of the record, it is ordered that:

    1. The magistrate judge's report (doc. 26) is adopted.

    2. The petition (doc. 1) for a writ of habeas corpus under 28 U.S.C. § 2254 is denied.

    3. A certificate of appealability is denied.

    4. The Clerk of Court shall close this file.

                                    /s/William W. Caldwell
                                    William W. Caldwell
                                    United States District Judge